IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVE EMERY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:20-CV-3519-L** |
| | § | |
| **SUN CUPID TECHNOLOGY (HK)** | § | **Filed Under Seal and Ex Parte** |
| **LIMITED; SUN CUPID AMERICA,** | § | |
| **LLC; NOETIC, INC.; SIT PAN JIT** | § | |
| **a/k/a MICHAEL SIT; and DANNY** | § | |
| **YORK HOI SIT a/k/a DANNY SIT,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Steve Emery's Motion for an Emergency Ex Parte Temporary

Restraining Order (Doc. 3); and Plaintiff's Motion for Leave to File Documents Under Seal (Doc.

6), both of which were filed December 1. 2020.  Plaintiff Steve Emery ("Plaintiff") filed this action

against Defendants Sun Cupid Technology (HK) Limited; Sun Cupid America, LLC; Noetic, Inc.;

Sit Pan Jit a/k/a Michael Sit; and Danny York Hoi Sit a/k/a Danny Sit (collectively, "Defendants")

for breach of contract and fraudulent transfer.  Plaintiff seeks an award of damages, prejudgment and

postjudgment interest, and attorney's fees.  He also seeks injunctive relief in the form of an *ex parte*

temporary restraining order to prevent Defendants from depleting resources and the balance in a

Merchants' account below $1 million without court approval, transferring funds out of the district

to avoid their contractual obligations, and refusing to ship inventory pursuant to normal procedures.

**Memorandum Opinion and Order - Page 1**

Having considered the motion, verified Complaint, and applicable law, the court **grants** Plaintiff's Motion for Leave to File Documents Under Seal (Doc. 6); and **grants** Plaintiff's Motion for an Emergency Ex Parte Temporary Restraining Order (Doc. 3).

## I.    Plaintiff's Motion for Leave to File Under Seal

The court **grants** Plaintiff's Motion for Leave to File Document Under Seal (Doc. 6) and **directs** the clerk of the court to maintain **under seal** Plaintiff's Complaint (Doc. 2) and Plaintiff's Motion for an Emergency Ex Parte Temporary Restraining Order and Memorandum (Docs. 3, 4) until ordered otherwise by the court.

## II.    Plaintiff's Motion for Ex Parte TRO

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order ("TRO").  A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida  v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*).  The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted.  *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.  Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction.

A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.). The purpose of a TRO is to "preserv[e] the status quo and prevent[ ] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Any TRO, therefore, is a temporary measure to protect rights until a hearing can be held.

Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party or its attorney only if both of the following requirements are met:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). Thus, a TRO cannot be issued *ex parte* absent a clear showing that immediate and irreparable injury will result before the adverse party can be heard. *Id.*

## III.    Discussion

Plaintiff has satisfied Rule 65(b)(1)'s procedural requirements for issuance of a TRO on an *ex parte* basis, and, for the reasons that follow, the court determines that he has met his burden of establishing all of the  requirements for a TRO.

### A.    Substantial Likelihood of Success on the Merits

The verified allegations in Plaintiff's Complaint establish that there is a substantial likelihood Plaintiff will succeed on the merits of his breach of contract claim.  Plaintiff alleges that he performed as required under the parties' contract and guaranty; that Defendants, as a result, have had the benefit of that contract (full control of Noetic, Inc.) since December 2019; Defendants, after

siphoning off assets, have unilaterally terminated the contract or have indicated their intent to do so without any lawful or contractual basis for doing so; and Defendants have failed to make required installment payments, thereby causing Plaintiff to suffer injury as a result.

### B.  Substantial Threat of Irreparable Harm

Plaintiff has established that, unless enjoined, Defendants will continue to deplete Noetic, Inc. of needed resources in violation of the guaranty by transferring funds from Noetic, Inc. to Hong Kong, which will deprive Plaintiff of any potential recourse other than to pursue monetary damages from Defendants in a foreign jurisdiction.[*]  Plaintiff alleges that if Defendants are allowed to continue removing assets from Noetic, Inc., any relief by him will be from a defunct or insolvent Notetic, Inc.  In addition, Plaintiff alleges and has established that Defendants' failure to perform as required under the parties' agreements, including withholding or refusing to ship inventory per normal and standard procedures, will cause irreparable harm in the form of lost good will and harm to his untarnished business reputation.

### C.  Threatened Injury and Public Interest

Plaintiff contends, and the court agrees, that the balance of equities here favor Plaintiff, as neither Defendants nor the public will be harmed by the injunctive relief sought by Plaintiff.  Further, the threatened harm to Plaintiff outweighs any potential threatened harm to Defendants, who, for the most part, will simply be required to comply with their contractual obligations and cease from depleting and transferring resources that are the subject of this litigation. In other words, temporarily restraining Defendants will preserve the status quo.  The public interest will also be served by

---

[*] Plaintiff alleges in his verified Complaint that, except Noetic, Inc. and Sun Cupid America, LLC, Defendants either reside in Hong Kong or are Chinese entities based in Hong Kong.

**Memorandum Opinion and Order - Page 4**

ensuring Defendants' performance under the parties' contractual agreements, as the public expects

parties to honor their contractual obligations. Plaintiff contends that no bond or only a minimal bond

should be required. To ensure that Defendants will be compensated for any potential harm caused

by entry of an ex parte restraining order, the court will require Plaintiff to post a bond.

## IV.    Conclusion and Temporary Restraining Order

For the reasons stated, the court **grants** Plaintiff's Motion for Leave to File Documents

Under Seal (Doc. 6); and **grants** Plaintiff's Motion for an Emergency Ex Parte Temporary

Restraining Order (Doc. 3). Accordingly, the court **enters** this temporary restraining order and

**orders** as follows:

While this temporary restraining order is in effect, Defendant Noetic, Inc. is **temporarily**

**restrained** from transferring any funds to Defendant Sit Pan Jit a/k/a/ Michael Sit or Defendant

Danny York Hoi Sit, or any entity owned or controlled by one or both of them (whether directly or

indirectly), including but not limited to Sun Cupid Technology (HK) Limited or related entities,

including Sun Cupid America, LLC; Noetic, Inc. is **temporarily restrained** from allowing the

balance of the Merchants' account to go below $1 million USD without agreement from Plaintiff

Steve Emery or court approval; Sun Cupid Technology (HK) Limited is **temporarily restrained**

from unilaterally withholding or refusing to ship inventory per normal and standard procedures; and

Defendants (and any persons or entities acting on their behalf or at their direction) are **temporarily**

**retrained** from transferring any operations or assets from Noetic to Sun Cupid America, LLC.

Pursuant to Rule 65(d), this order binds the parties; the parties' officers, agents, servants, employees,

and attorneys; and other persons who are in active concert or participation with anyone described in

Rule 65(d)(2)(A) or (B).

**Memorandum Opinion and Order - Page 5**

This order is issued upon the court's finding that Defendants will continue or seek to transfer funds outside the jurisdiction or dissipate the funds or resources necessary to provide complete legal relief in this action to Plaintiff. If, as alleged, Defendants abscond with Plaintiff's money to Hong Kong, Plaintiff would likely suffer immediate and irreparable harm, as this court would lack jurisdiction to repatriate the funds necessary to make Plaintiff whole. This order is being granted without prior notice to Defendants because of the threat that such notice would trigger the further illicit transfer of Plaintiff's money and would render the relief granted meaningless.

This temporary restraining order **shall** expire on **December 15, 2020**, unless otherwise extended by the court for good cause shown for a like period of time, or Defendants consent to a longer extension. Plaintiff contends that no bond or only a minimal bond should be required. Plaintiff is **directed** to post a surety bond, or cash deposit in lieu of a bond, with the clerk of the court in the amount of **$10,000**. Plaintiff **shall** also provide Defendants with a copy of this temporary restraining order, as well as Plaintiff's Motion for an Emergency Ex Parte Temporary Restraining Order and verified Complaint (Docs. 2-4). This temporary restraining order is not effective until the bond is posted and Defendants receive actual notice of this order and its contents.

A hearing shall be held on **December 14, 2020**, at **3 p.m.** to determine whether a preliminary injunction enjoining Defendants during the course of this litigation should be entered. The individual Defendants may represent themselves in this matter if they choose to do so; however, the business entity Defendants must retain and be represented by counsel. Any written response by Defendants in opposition to this order being converted into a preliminary injunction must be filed by **December 7, 2020**. Any reply by Plaintiff must be filed by **December 10, 2020.**

**Memorandum Opinion and Order - Page 6**

**It is so ordered** this 1st day of December, 2020, at 5:30 p.m.

Sam A. Lindsay
United States District Judge